UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:05-cv-0299-LJM-TAB |
| POLICYOWNER PROTECTION SERVICES, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT DAVID STINNETT'S MOTION TO COMPEL**

**I.    Introduction.**

Plaintiff Northwestern Mutual Life Insurance Company claims that Defendant David Stinnett -- a former agent for Plaintiff who was terminated for allegedly stealing client funds -- has engaged in a host of nefarious conduct that amounts to extortion, RICO violations, and tortious interference with Plaintiff's contractual relationships.  [Docket No. 82.]  Against this internecine backdrop, the parties battle over discovery.  The instant dispute involves 124 requests for admissions that Stinnett, acting pro se,[1] served on Plaintiff.  Not surprisingly, Plaintiff objected to many of Stinnett's requests.  Stinnett filed a motion to compel an admit or deny answer from Plaintiff.  [Docket No. 81.]  For the reasons below, the Court DENIES Stinnett's motion.

---

[1] Counsel for Stinnett entered their appearances after Stinnett served his requests and subsequent motion to compel.  [Docket Nos. 92, 93, 96, 97.]

II.     **Discussion.**

Federal Rule of Civil Procedure 36(a) permits a party to "serve upon another party a written request for the admission, for the purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . ."  Within the scope of Rule 26(b)(1) means "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Equally well settled, "[d]istrict courts have broad discretion in matters relating to discovery."  *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

Although Plaintiff objected to more, Stinnett seeks an admit or deny response to seventy requests.  His motion is short on substance and vague in its support of the requests' relevance.  In fact, Stinnett's motion is comprised only of a three-page chart identifying the requests with which he takes issue and providing a sentence or two for each regarding his relevancy contentions.  [Docket No. 81.]  Plaintiff asserts that these requests are "wholly immaterial to the claims and defenses in this action" and further are tendered for the improper purpose of harassing Plaintiff.  [Docket No. 88.]  Plaintiff's position is well-taken.

Plaintiff, as the party opposing a challenge to the sufficiency of its answers, carries the "burden of persuasion to show that the response to the request is sufficient."  *Climco Coils Co. v. Siemens Energy & Automation, Inc.*, 2006 WL 850969, at *1 (N.D. Ill., March 28, 2006).  In this instance, Plaintiff did not have to do much to meet its burden.  Stinnett's requests and his statements in support of their relevancy largely demonstrate that Plaintiff's objections are well founded.  For instance, Request No. 3 asks Plaintiff to admit that "NML executives contacted Forbes Magazine executives in January 2004 in an effort to kill a story being written by Forbes'

reporter Ned Weinberg."  Stinnett makes no effort to show the Court how this fact could possibly relate to any issue or defense in this case.  Instead, he indicates that this information is probative of how Plaintiff misrepresents Stinnett's facts.  The Court sees no need to set forth additional examples of this common theme.  Suffice it to say that many of the requests for which Stinnett seeks answers suffer from such irrelevance.  On their face, Stinnett's requests run contrary to the purpose of Rule 36 because they concern matters ancillary to the claims or any conceivable defenses.  *See Berry v. Federated Mutual Insurance Co.*, 110 F.R.D. 441, 443 (N.D. Ind. 1986) ("the purpose of Rule 36 is to expedite the trial by determining what issues are in genuine dispute and by resolving the issues which are not disputed.").  Thus, the Court is satisfied that Plaintiff's objections are proper.

The Court further notes that Stinnett's requests do not comply with Local Rule 36.1, which provides that "no party shall serve on any other party more than 25 requests for admission without leave of Court."  Stinnett's former pro se status alone does not excuse his noncompliance with this local rule.  *See Members v. Paige*, 140 F.3d 699, 702-03 (7th Cir. 1998) (". . . rules apply to uncounseled litigants and must be enforced.").  Even had Stinnett's requests comported with Rule 26, he has not obtained leave of this Court to serve 99 requests in excess of what the local rule permits.  Accordingly, for these reasons, the Court denies Stinnett's motion to compel.  [Docket No. 81.]

Dated: April 24, 2006

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Copies to:


Paul F. Heaton
Brian G. Cahill
GASS WEBER MULLINS LLC
heaton@gasswebermullins.com

George E. Purdy
BOSE MCKINNEY & EVANS
gpurdy@boselaw.com

Sarah Steele Riordan
BOSE MCKINNEY & EVANS, LLP
sriordan@boselaw.com

David J. Turek
GASS WEBER MULLINS LLC
turek@gasswebermullins.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF, LLP
jfecht@rbelaw.com

Anthony R. Jost
RILEY BENNETT & EGLOFF, LLP
tjost@rbelaw.com

J. Mark Mckinzie
RILEY BENNETT & EGLOFF, LLP
mmckinzie@rbelaw.com

Jeffrey D. Roberts
RILEY BENNETT & EGLOFF, LLP
jroberts@rbelaw.com